WILLIAM VERRILL *vs.* GEORGE F. PARKER *et ux.*, and lot and new building.

Waldo, 1873.—February 11, 1875.

*Contract. Husband and wife.*

The plaintiff contracted orally with a husband to expend labor upon the real estate of his wife, without mention as to whom the credit was to be given; it was done, in the husband's absence, under the care and to the satisfaction of the wife; he did not deny his liability, but she did hers. *Held,* that they might be regarded as jointly liable.

ON REPORT.

ASSUMPSIT, to recover for labor performed, at the request of the husband, in the erection of a building upon the land of the wife. By the writ dated January 18, 1869, the officer was commanded to attach a lot of land particularly described, and a new building thereon, "as the estate and goods of George F. Parker and his wife, Mrs. Parker;" and "to summon the defendant" (if he was found within the precinct) to appear at the term of this court then next, "to answer unto William Verrill, of Winterport, who claims a lien upon said land and new building, for labor and materials furnished for erecting said building to the amount of sixty-five dollars and fifty cents (less twelve dollars received) according to the specifications annexed; which amount George F. Parker and Mrs. Parker, wife of said George F. Parker, of said Winterport, who own the same, refuse to pay; to the damage," &c. The plea was the general issue, with a brief statement, denying the existence of any lien. The specification of items, annexed to the writ, was headed "George F. Parker and wife to William Verrill, Dr.," and consisted of five charges for labor and two sums ($10 and $2) credited. It was supported by Mr. Verrill's affidavit of its correctness and of a description of the land, and that "the owner of the land aforesaid, to the best of my knowledge, is Mrs. Parker, wife of said George F. Parker, and the owner of the said new building so far as I know, is said George F. Parker;" and that he ceased to furnish labor on such new building October 20, 1868. This statement was recorded in the office of the clerk of Winterport, Nov-

ember 18, 1868. The officer returned upon the writ an attachment of the land and building, and that he had caused so much of his return as related thereto to be recorded in the registry of deeds and of the town clerk aforesaid.

The plaintiff testified to the performance of the labor by him, at the request of George F. Parker, who hired him to do the work, saying that the land belonged to his (Parker's) wife, which the plaintiff always supposed to be the case. The Parkers lived in the next house, about twenty rods from that erected for them by Mr. Verrill; and he stated that she was frequently there while he was at work upon the building; procured him nails at the village once or twice, &c., &c.; that Captain Parker said he had got to go away and leave him, but wanted him to go on to do the job right, to the satisfaction of his wife and he would be satisfied; that both expressed themselves as satisfied; that he notified Mrs. Parker in writing that he claimed a lien upon the house, and she then expressed no dissatisfaction, or objection to his performing the work; but said she was satisfied and wanted the work to go on; that Captain Parker returned home from sea some weeks after the job was done, and wanted a contract, which the plaintiff deemed unnecessary, as the work was completed satisfactorily, but the captain insisted that there ought to be one, that he wanted one, and so the plaintiff signed one prepared by the captain long after the job was done, although he claimed at the trial that the paper did not exactly correspond with the verbal agreement under which he worked. He admitted, on cross-examination, that Mrs. Parker never employed him, and that he gave her no notice that he claimed a lien until after the work was done.

Mr. Parker testified that he owned the house, contracted with Mr. Verrill for its erection, and still owed him a balance for the work. The plaintiff introduced deeds of the lot as follows: from Hannah H. Hardy to George F. Parker, July 28, 1864; from George F. Parker to Alden Parker, July 21, 1865; from Alden Parker to Ellen T. Parker, of same date as that last named, July 21, 1865; and a mortgage thereof by George F. Parker to Walter Haley, February 1, 1869. Each of these deeds was recorded at the time of date.

The case was then withdrawn from the jury, and submitted to the full court for decision.

*T. W. Vose*, for the plaintiff, relied upon the unreported case of *John P. Rich* v. *George F. Parker et ux., and a lot of land and a new building thereon,* as being identical in its facts with this, and in which this court gave judgment for the plaintiff.

*N. H. Hubbard*, for the defendants.

The action being against two defendants must fail because their is no evidence of any promise by Mrs. Parker.

There is no lien upon her land because notice was not given till the work was done.

PETERS, J. In the case of *Byard* v. *Parker, ante* 576, argued with this case, we have decided that we can give no judgments against land and buildings ; but, in a case of this kind, only against the personal defendants.

It remains only to decide whether the defendants are personally liable or not, and for how much. We think both of them must be regarded as the contracting party, and liable to pay; the husband, because he admits it ; and the wife, because the labor was done upon her property, and for her benefit, and expended before her eyes. The implication is not a strained one, that their promise should be considered as joint. The preponderance of evidence gives the plaintiff his whole bill.      *Defendants defaulted.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.